IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LIBERTY INSURANCE                )
CORPORATION                      )
    Plaintiff,                   )
                                 )
    v.                           )        Civil Action No. 3:22cv715 (RCY)
                                 )
NANNIE TALLEY, *et al.,*          )
    Defendants.                  )
_____)

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion to Dismiss Count Four of Defendants Nannie and Preston Talleys' Counterclaim ("Motion to Dismiss," ECF No. 10). The matter has been fully briefed, and the court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant the Motion to Dismiss (ECF No. 10).

**I. BACKGROUND**

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "accept[s] as true the plaintiff's well-pleaded allegations and views all facts and draws all reasonable inferences in the light most favorable to plaintiff." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Such a standard, however, does not require accepting any unreasonable inferences or a plaintiff's legal conclusions. *Id.* Additionally, a court may consider any documents attached to the complaint (or counterclaim). *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Applying these standards, the Court construes the facts in the Defendant's Counterclaim as follows.

Defendants Nannie and Preston Talley ("Defendants" or "the Talleys") were parties to a homeowner insurance contract with Plaintiff Liberty Insurance Corporation ("Plaintiff"), under policy number H37-238-269447-40 1 5.  (Compl. ¶ 6, ECF No. 1.)  At all relevant times, the Talleys paid their insurance premiums as to keep the insurance policy in effect.  (Countercl. ¶ H.)  On or about June 29, 2021, a small fire occurred in the kitchen at the Talleys' insured home.  (Compl. ¶ 11.)  That same day, Ms. Talley timely filed a claim with Plaintiff for damage resulting from the fire.  (*Id.* ¶¶ 11–12.)  In response, Plaintiff engaged in a course of action now challenged by the Talleys.  (Countercl. ¶ U.)  Among other things, Plaintiff made "unwarranted demands" for documents and responses under oath, improperly indicated that certain medical letters were not genuine, and partially denied claims based on the fire "without cause."  (Countercl. ¶ U.)  This course of action constitutes the bulk of what Defendants have challenged in Count Four of their Counterclaim.  (Countercl. ¶ U.)

## II. PROCEDURAL HISTORY

Plaintiff Liberty Insurance Corporation filed its Complaint against Defendants Nannie and Preston Talley on November 9, 2022, alleging breach of contract and requesting the court enter declaratory judgment in its favor.  (ECF No. 1.)  Defendants filed an Answer to the Complaint on March 1, 2023, including a four-count Counterclaim against Plaintiff.  (ECF No. 9.)  Plaintiff filed its Motion to Dismiss and Memorandum in Support (ECF No. 11) on March 17, 2023, specifically targeting Count Four of Defendant's Counterclaim.  Defendants filed an untimely Notice of Voluntary Dismissal of Count Four of the Counterclaim on May 15, 2023.  (ECF No. 13.)  Plaintiff filed its Answer to Defendants' Counterclaim on June 1, 2023.  (ECF No. 15.)  Plaintiff filed an Amended Complaint on June 29, 2023.  (ECF No. 18.)  Defendants filed their Answer to the Amended Complaint on July 21, 2023.  (ECF No. 22.)  In that Answer, Defendants re-incorporated

by reference their preexisting counterclaims.  As such, the Motion to Dismiss remains to be resolved.

### III. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  Dismissals under Rule 12(b)(6) are generally disfavored by the courts because of their res judicata effect. *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991).  Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* (citations omitted).  "[A] motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Id.* (citations omitted); *see also Martin*, 980 F.2d at 952.

However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Labels and conclusions," a "formulaic recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Id.*

## IV. DISCUSSION

Defendants allege in Count Four of their Counterclaim that Plaintiff acted in bad faith in responding to their claims based upon their insurance policy and the June 29, 2021, kitchen fire. (Countercl. ¶ T.) Defendants thereafter filed a Notice of Voluntary Dismissal of Count Four of the Counterclaim. (ECF No. 13.). Nonetheless, because the Notice of Voluntary Dismissal was untimely, the Court must still examine the merits of Plaintiff's Motion to Dismiss, as well as the sufficiency of the Counterclaim.

The Supreme Court of Virginia has held that "to avoid turning every breach of contract into a tort . . . the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Augusta Mut. Ins. Co. v. Mason*, 645 S.E.2d 290, 293 (Va. 2007) (citing *Foreign Mission Bd. v. Wade*, 409 S.E.2d 144, 148 (Va. 1991)). While there are circumstances that would support both tort and breach of contract actions, such circumstances require that a party successfully pleads the separate contractual and common law duties of the opposing party. *Id.* Where contractual obligations are the only duty present between the parties, there is no basis for separate tort liability: "[b]ut for the existence of the . . . agreement," neither of the parties "would have owed any fiduciary duty" to the other. *Id.* at 295. As a result, the insured party under a contract must allege more than mere breach of contract to prevail on a

tort claim of bad faith.  *See A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 677 (4th Cir. 1986).

Returning to Count Four of the Counterclaim, Defendants allege that the Plaintiff engaged in bad faith conduct in carrying out its contractual duties.  (Countercl. ¶ T.)  Defendants did not, however, provide any information as to what common law duty arose outside of the contractual obligations of the parties, as required by Virginia law.  *See Augusta Mut. Ins. Co.*, 645 S.E.2d at 293.  By omitting such information, Defendants have failed to carry their burden of pleading sufficient facts to give rise to a plausible claim to relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Augusta Mut. Ins. Co.*, 645 S.E.2d at 293.

Additionally, even if the Defendants had provided additional information, Virginia law disfavors free-standing tort claims for bad faith in carrying out obligations under insurance contracts.  *See A&E Supply Co.*, 798 F.2d at 676–77; *see, e.g., Botkin v. Donegal Mut. Ins. Co.*, 2011 WL 1225999, at *4 (W.D. Va. Mar. 29, 2011) (noting that Virginia law "does not recognize a separate cause of action for bad faith in the context of insurance disputes.") (citing *A&E Supply Co.*, 798 F.2d at 676); *Harris v. USAA Cas. Ins. Co.*, 1994 WL 16040308, at *10 (Va. Cir. Sept. 22, 1994) (holding that "bad faith conduct gives rise to a contract action, not a tort suit, as the duty arises from and extends only to the agreement itself.").  Indeed, some Virginia courts have outright found that there is no tort cause of action for bad faith in Virginia.  *See Harris*, 1994 WL 16040308, at *10.  Regardless, the same rationale elucidated in *Augusta*—ensuring that every breach of contract does not give rise to a tort claim—compels dismissal of Count Four of Defendant's Counterclaim.  *See Augusta Mut. Ins. Co. v. Mason*, 645 S.E.2d 290, 293 (Va. 2007) (citing *Foreign Mission Bd. v. Wade*, 409 S.E.2d 144, 148 (Va. 1991)).

## V. CONCLUSION

For the reasons stated above, Plaintiff's unopposed Motion to Dismiss Count Four of the Defendants' Counterclaim will be granted. Because this dismissal is based on sound law establishing that there is no freestanding tort of bad faith in the context of an insurance dispute, and no amount of pleading could change this fact, Count Four will be dismissed with prejudice. *See Morefield v. Bailey*, 959 F. Supp. 2d 887, 907 (E.D. Va. 2013) ("Where amendment is futile, courts have exercised their discretion to deny leave to amend and dismiss with prejudice.").

An appropriate Order shall issue.

/s/ _____

Roderick C. Young
United States District Judge

Richmond, Virginia
Date: September 28, 2023